UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

INDEPENDENCE RV SALES &
SERVICES, INC.,

      Plaintiff,

vs.                                                Case No.  3:23-cv-1016-MMH-MCR

CLAUDIA MORALES MEJIAS,
a/k/a Claudia Morales Mejias
Estate,

      Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Notice of Removal to Federal Court Under 28 U.S.C. § 1441(a), 28 U.S.C. § 1331, 28 U.S.C. § 1446(a), 28 U.S.C. § 1367 (Doc. 1; Notice), filed by Defendant Claudia Morales Mejias, also known as Claudia Morales Mejias Estate (Mejias), on August 28, 2023.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into

subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Mejias seeks to invoke the Court's federal question jurisdiction.[1] See Notice at 1–2.

"In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." Adventure Outdoors, 552 F.3d at 1295; see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). To meet her burden of proving proper federal jurisdiction, the removing "defendant[ ] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, 552 F.3d at 1294-95; see also Ehlen Floor Covering, 660 F.3d at 1287. "Any doubts about

---

[1] Mejias does not assert, nor does it appear, that the Court has diversity jurisdiction over this action.

- 2 -

the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, 552 F.3d at 1294. Moreover, a district court "may remand a case sua sponte for lack of subject matter jurisdiction at any time." Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)).

Plaintiff Independence RV Sales & Services, Inc. (Independence RV), initiated this case on June 22, 2023, by filing a complaint in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. See Complaint (Doc. 3; Complaint). Mejias removed the action to this Court on August 28, 2023. See generally Notice. Upon review, the Court finds that this case is due to be remanded because the Court lacks federal question jurisdiction over this action. Indeed, the only claims Independence RV asserts in the Complaint do not present a federal question or arise under a specific statutory grant. Instead, Independence RV asserts claims under Florida law for declaratory judgment and fraud. See generally Complaint. A state law claim may give rise to federal question jurisdiction if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); see also Adventure Outdoors, 552F. 3d at 1295 (recognizing "that 'Grable exemplifies' a 'slim category' of cases.") (citation

omitted).  However, Mejias has not identified any "substantial" federal question raised on the face of the Complaint.  See generally Notice; Complaint.  Mejias represents that the Complaint alleges that her "conduct is in violation of the laws and Constitution of the United States."  Notice at 2.  But, in the Complaint, Independence RV does not make such an allegation.  Moreover, such an allegation on its own would not necessarily raise a substantial federal question.[2]  As such, upon review of the Complaint, which presents no federal claim, the Court determines that it lacks subject matter jurisdiction over this action and removal is improper.  Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

---

[2] Mejias also suggests that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  See Notice at 1–2.  However, pursuant to section 1367, a court must first have federal question jurisdiction before it can exercise supplemental jurisdiction over any state law claims.  As explained supra, the instant Complaint does not present a federal question.

2. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 31, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record
Pro Se Parties

Clerk, Circuit Court of the Ninth Judicial
Circuit, in and for Orange County, Florida